SAMUEL, Judge.
Plaintiff, a Mississippi lawyer, appeals from a judgment dismissing his suit for an attorney’s fee under a contingency contract with the defendant.
The notarial contract in suit was entered into in Mississippi. It calls for appellant to receive a one-third interest in any sums or interest collected “for claims against Robert Burdon [plaintiff’s brother] arising out of improper expenses and misappropriation of assets and funds belonging to the heirs of the estate of Robert L. Burdon [plaintiff’s father] beginning June, 1971 by Robert Burdon, Administrator.” and gives appellant “the full, complete and absolute power of attorney to represent the undersigned [defendant] in these claims.”
The petition alleges appellant had obtained the services of a Kentucky attorney who instituted suit against the administrator in Kentucky, where the succession was opened. It further alleges that before the litigation could be concluded, but as a result of appellant’s representation and work, defendant settled with his brother, under which settlement he received $10,000 in cash and ownership of a yacht valued between $10,000 and $30,000. Thereafter plaintiff instituted this suit, for one-third of the $10,000 and a one-third interest in the yacht.
The trial court recognized the validity of the contingency fee contract under the laws of both Mississippi and Louisiana, but held plaintiff had failed to offer sufficient evidence to justify an award under the contract. The only evidence in the record is the testimony of the two litigants and the notarized contract.
Plaintiff testified the contract was signed on October 14, 1975 and thereafter he represented defendant and defendant’s stepsister, heirs to their father’s estate in Henderson, Kentucky. Over plaintiff’s objection, and that of the Kentucky attorney retained, defendant went to see the lawyers for the administrator and settled for $10,000 cash to be paid in installments of $1,000 per month, and title to a yacht with a purchase price of $20,000, now worth $30,000.
Defendant testified he signed only the second page of the two page contract and did not know what was on the first page. He denied appearing before a notary, admitted receiving $10,000 cash and the yacht, and stated he sold the yacht several years ago for $15,000. He denied seeking legal advice from plaintiff, stating plaintiff volunteered the advice. He considered the advice a matter of friendship and denied agreeing to pay plaintiff one-third. In defendant’s opinion he signed only that part of the contract which stated plaintiff represented him and the only payment plaintiff asked for was to be able to go on an occasional cruise on the boat. Defendant further testified he knew there was another page to the agreement, but he did not ask to see it.
We agree with the trial court that plaintiff and defendant did enter into a valid contingency contract to perform legal services for defendant. However, as the trial court observed, those services were limited to collection of claims against the brother-administrator “arising out of improper and misappropriation of assets and funds” belonging to the estate.
The record does not indicate to what extent, if any, the legal services rendered by plaintiff may have enabled defendant to settle his interest in the succession. A copy of the suit allegedly filed in Kentucky concerning misappropriation has not been of *668 fered in support of plaintiffs claim, and the record is devoid of any evidence showing the $10,000 cash and yacht defendant received in connection with his father’s succession did not represent defendant’s rightful interest in the succession itself. Nor does the record contain any evidence showing the money and property received by defendant was a part of, or in any way connected with, claims against defendant’s brother arising out of the latter’s conduct as administrator.
Accordingly, we agree with the trial court's conclusion that plaintiff has failed to carry his burden of proof.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.